KENNEDY LILLIS SCHMIDT & ENGLISH
John T. Lillis, Jr., Esq.
75 Maiden Lane, Suite 402
New York, New York 10038
Telephone: (212) 430-0800
Telecopier: (212) 430-0810
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, INC., a/s/o Bemis Associates, Inc., and BEMIS ASSOCIATES, INC., <br><br> Plaintiffs, <br><br> - v. - <br><br> C.H. ROBINSON WORLDWIDE, INC., <br><br> Defendant. | 21 Civ. (    ) <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Plaintiffs, Starr Indemnity & Liability Company, Inc. ("Starr") and Bemis Associates, Inc. ("Bemis"), by and through their attorneys, Kennedy Lillis Schmidt & English, allege upon information and belief as follows:

## INTRODUCTION

1. This is an action for breach of contract, negligence, breach of bailment, breach of implied bailment, or, in the alternative, for breach of the duties under the Montreal Convention, arising from damage to 16,553 kilograms of adhesive film ("Cargo") owned by Bemis, insured by Starr, and tendered for shipment to carrier C.H. Robinson Worldwide, Inc. ("CH Robinson") from Shirley, Massachusetts, to Hong Kong, via John F. Kennedy International Airport in Queens, New York ("Shipment").

## PARTIES

2. Bemis was and is a corporation incorporated under the laws of the State of Massachusetts with an office for conducting manufacturing business located at 1 Bemis Way, Shirley, Massachusetts 01464.

3. Bemis owned the Cargo.

4. Starr was and is a corporation organized under the laws of the State of Texas with an office for conducting insurance business located at 399 Park Avenue, 2nd Floor, New York, New York 10022.

5. Bemis insured the Cargo with Starr under Policy No. MASICBN0989US02.

6. Starr paid Bemis $277,620.51 for its losses resulting from the Incident referenced Paragraph 19, *infra*, is thereby subrogated to Bemis's rights to the extent of its payment.

7. Bemis and Starr bring this action on their own behalves and as agents or trustees on behalf of all having an interest in the subject shipment.

8. CH Robinson was and is a corporation incorporated under the laws of the state of Delaware with an office for conducting transportation business located at 14701 Charlson Road, Eden Prairie, Minnesota 55347-5076.

## JURISDICTION & VENUE

9. This Honorable Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332 because this is an action between parties of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. This Honorable Court also has subject matter jurisdiction pursuant to 49 U.S.C. § 1331 as Plaintiffs' claim arises under a treaty of the United States, to wit, the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45 ("Montreal Convention"), and venue is proper pursuant to Article 33 of

the Montreal Convention and 28 U.S.C. § 1391 because CH Robinson operates within this district.

11. This Honorable Court has personal jurisdiction over Defendant in that Defendant did and does business within the State of New York within the meaning of CPLR § 301.

12. This Honorable Court also has personal jurisdiction over Defendant in that Defendant transacted business with respect to this shipment in the State of New York within the meaning of CPLR § 302(a)(1).

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because the Incident giving rise to Plaintiffs' claims discussed herein occurred within this judicial district.

## BACKGROUND

14. In August 2020, Bemis hired CH Robinson to transport the Cargo from Shirley, MA, to Hong Kong via John F. Kennedy International Airport in Queens, New York ("JFK").

15. To cover the Shipment, CH Robinson issued its Air Quote No. BemisAir-HKG08092019 ("Air Quote").

16. On or about 21 August 2020, in advance of its carriage, Bemis stacked, plastic-wrapped and packaged the Cargo onto twenty-four (24) shipping pallets.

17. The Cargo was then loaded into CH Robinson's truck for transport from Shirley, MA to JFK Airport.

18. To cover the Shipment, CH Robinson issued Bills of Lading Nos. SHP002776 and 000000958 ("Bills of Lading").

19. The Bills of Lading identify the total weight of shipment as 16,553 kg.

20. Shortly thereafter, CH Robinson's truck departed Shirley for JFK. On 23 August 2020, while traveling on Interstate 95 at the Tremont Street overpass in the County of

Bronx, City of New York, the CH Robinson truck carrying the Cargo caught fire due to a mechanical issue and the fire spread to the trailer destroying the Cargo ("Incident").

21. Due to the severity of the damage to the Cargo, Bemis was unable to salvage any portions of the adhesive film, and the Cargo was therefore deemed a total loss.

22. As a result, Bemis suffered losses totaling $277,620.51 in damages, as nearly as can now be determined.

23. Bemis submitted its insurance claim to Starr for its losses, and Starr paid Bemis $277,620.51 to settle the claim, thereby becoming subrogated Bemis' rights to the extent of that payment.

### FIRST CAUSE OF ACTION AGAINST CH ROBINSON – BREACH OF CONTRACT

24. Paragraphs 1 through 23 are incorporated by reference as though fully set forth at length herein.

25. Bemis entered into a contract of carriage with CH Robinson in which CH Robinson was obligated to properly and safely transport, handle, carry, keep, care for, discharge, and deliver the Cargo in the same good order and condition as when received by it from Bemis' warehouse in Shirley, Massachusetts to Hong Kong, via JFK Airport.

26. Bemis performed all of its obligations under the contract by, *inter alia*, allowing CH Robinson to pick up the Cargo, and by tendering the Cargo, in good order and condition, to CH Robinson at Bemis' warehouse in Shirley, Massachusetts, and paying all freight charges.

27. CH Robinson breached its contract by failing to properly and safely transport, handle, carry, keep, care for, discharge, and deliver the Cargo in the same good order and condition as when received by it.

28.     As a direct and proximate result of CH Robinson's beach of its contract with Bemis, Plaintiffs sustained damages, as nearly as can now be determined, no part of which has been paid although duly demanded, in the sum of $277,620.51.

## SECOND CAUSE OF ACTION AGAINST CH ROBINSON – NEGLIGENCE

29.     Paragraphs 1 through 28 are incorporated by reference as though fully set forth at length herein.

30.     CH Robinson owed Bemis a duty imposed by common law to exercise reasonable care in the oversight, carriage, discharge, and delivery of the Cargo in accordance with applicable standards, customs, best practices, regulations, codes, and/or ordinances to avoid creating a risk of damage and/or harm to nearby property, including the Cargo.

31.     The above-referenced damage to the Cargo and expenses incurred relative thereto were proximately caused by and resulted from the negligent, and/or careless acts and/or omissions of CH Robinson and/or the negligent and/or careless acts and/or omissions of CH Robinson's employees. Said acts and/or omissions include:

   a.   Failure to properly and adequately carry, keep, care for, discharge and deliver the Cargo;

   b.   Failure to hire, train, and oversee drivers with the necessary training and expertise to prevent the risk of fire and to combat the fire detailed herein;

   c.   Failure to carefully and adequately combat the fire detailed herein;

   d.   Failure to maintain and operate the truck in a manner to prevent the risk of fire;

   e.   Failure to maintain and have readily available the proper and compatible equipment required to combat the fire detailed herein;

   f.   Failure to promptly notify the requisite authorities in order to properly combat the fire detailed herein;

   g.   Failure to carefully and adequately implement established maintenance and safety procedures;

    h. Failure to exercise due care in other ways that discovery may disclose.

32. As a direct and proximate result of the above-referenced negligent and/or careless acts and/or omissions of CH Robinson, the Cargo was damaged, as nearly as can now be determined, no part of which has been paid although duly demanded, in the sum of $277,620.51.

33. Starr is subrogated to the rights of Bemis for the recovery of the damages described above.

### THIRD CAUSE OF ACTION AGAINST CH ROBSINSON–
### BREACH OF BAILMENT

34. Paragraphs 1 through 33 are incorporated by reference as though fully set forth at length herein.

35. CH Robinson agreed to keep and care for the Cargo in the same good order and condition as when received by it.

36. CH Robinson failed to keep and care for the Cargo as the Cargo suffered fire damage and was rendered a constructive total loss while in the care, custody, and control of CH Robinson or as a result of their fault.

37. As a direct and proximate result of the conduct of CH Robinson as alleged herein, Plaintiffs sustained damages, as nearly can now be determined, no part of which has been paid although duly demanded, in the sum of $277,620.51.

38. Starr is subrogated to the rights of Bemis for the recovery of the damages described above.

### FOURTH CAUSE OF ACTION AGAINST CH ROBINSON –
### IMPLIED BAILMENT

39. Paragraphs 1 through 38 are incorporated by reference as though fully set forth at length herein.

40. CH Robinson agreed to keep and care for the Cargo in the same good order and condition as when received by it.

41. By accepting and agreeing to keep and care for the Cargo owned by Bemis, an implied bailment arose between the Parties.

42. CH Robinson failed to keep and care for the Cargo as the Cargo suffered extreme fire damage and was rendered a constructive total loss while in the care, custody and control of CH Robinson or as a result of their fault.

43. As a direct and proximate result of the conduct of CH Robinson as alleged herein, Plaintiffs sustained damages, as nearly can now be determined, no part of which has been paid although duly demanded, in the sum of $277,620.51.

44. Starr is subrogated to the rights of Bemis for the recovery of the damages described above.

### FIFTH CAUSE OF ACTION AGAINST CH ROBINSON – BREACH OF CONTRACT OF CARRIAGE UNDER THE MONTREAL CONVENTION

45. Paragraphs 1 through 44 are incorporated by reference as though fully set forth at length herein.

46. As carrier of goods for hire, CH Robinson was obligated by the Montreal Convention to properly and safely transport, handle, carry, keep, care for, discharge, and deliver the Cargo in the same good order and condition as when received by it.

47. CH Robinson breached those duties by failing to deliver the Cargo in the same good order and condition as when received by it.

48. As a direct and proximate cause of CH Robinson's breach of its duties under the Montreal Convention, Plaintiffs sustained damages, as nearly can now be determined, no part of which has been paid although duly demanded, in the sum of $277,620.51.

49. Starr is subrogated to the rights of Bemis for the recovery of the damages described above.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants in the sum of $277,620.51, plus interest, costs, disbursements, and such other and further relief as this Court may deem just and proper.

### JURY TRIAL DEMAND

Plaintiffs hereby demand a jury trial on all issues so triable.

Dated: New York, New York  
August 4, 2021

KENNEDY LILLIS SCHMIDT & ENGLISH  
*Attorneys for Plaintiffs*

By: *John T. Lillis*  
John T. Lillis, Jr.  
75 Maiden Lane, Suite 402  
New York, New York 10038  
Telephone (212) 430-0800